IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ROSE MARIE DANIELS, Debtor**

    **Appellant,**

    v.                                                               **CIVIL ACTION NO. 4:05cv135**

**J.P. MORGAN CHASE BANK, Trustee**

    **Appellee.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is the appeal of Rose Marie Daniels from the United States Bankruptcy Court's award of Summary Judgment to Appellee, J.P. Morgan Chase Bank. For the reasons given below, the Court **AFFIRMS** the United States Bankruptcy Court's dismissal of Appellant's petition.

## I. FACTUAL AND PROCEDURAL HISTORY

Rose Marie Daniels ("Appellant") has filed six bankruptcy petitions since 1995. On April 8, 1995, Appellant filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 95-40779. This case was dismissed on December 6, 1996. On February 26, 1997, Appellant filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 97-40519. This case was dismissed on May 16, 1997. On August 6, 1997, Appellant filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 97-42250. This case was dismissed on August 22, 1997. On March 20, 2000, Appellant filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 00-50652. This case was dismissed on February 22, 2002.

On June 23, 2003, Appellant filed a petition for relief under Chapter 13 of the United

States Bankruptcy Code, Case No. 03-51852 ("2003 Bankruptcy Case"). During the pendency of this bankruptcy petition, Mortgage Electronic Registration System ("MERS") filed a Motion for Relief from the Automatic Stay and from Co-Debtor Stay Pursuant to 11 U.S.C. § 1301(c)(3). MERS was the trustee of Appellant's property located at 924 15th Street, Newport News, Virginia ("Appellant's property"). On December 9, 2003, The United States Bankruptcy Court ("Bankruptcy Court") entered a Consent Order re: Adequate Protection Order ("Consent Order") granting MERS, and its successors, immediate relief from any future Automatic Stays or Co-Debtor Stays for 180 days from the dismissal of Appellant's bankruptcy petition.[1] The 2003 Bankruptcy Case was dismissed on January 15, 2004.

On January 27, 2004, Appellant filed the instant suit, a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 04-05081. On June 28, 2004, Appellant received notice that Appellant's property would be sold at a public auction for her default on the deed. On July 13, 2004, the Appellant's property was publicly auctioned according to the terms of the deed of trust and the J.P. Morgan Chase Bank ("Trustee") became the owner of Appellant's property. Relying on the Consent Order from the 2003 bankruptcy case, the Trustee conducted a foreclosure sale on Appellant's property on July 13, 2004.

On November 24, 2004, Appellant filed a "Complaint to Determine Validity of Foreclosure Sale on Debtor's Residence and to Void the Foreclosure Sale on Debtor's Residence." Trustee filed a motion for summary judgment on June 2, 2005. After Appellant

---

[1]Paragraph 5 of the Consent Order provides: "Should Debtor's bankruptcy case be dismissed, Secured Creditor shall not be bound by any future Automatic Stays or Co-Debtor Stays for a period of 180 days from the date of dismissal with respect to Secured Creditor's interest in the subject property."

failed to respond, the Bankruptcy Court granted Trustee's Motion for Summary Judgment on June 21, 2005.

On June 29, 2005, Appellant filed a Motion to Vacate, Rehear and Amend Order on Motion for Summary Judgment. The Bankruptcy Court held a hearing on July 15, 2005. On July 20, 2005, the Bankruptcy Court issued a Supplemental Order Denying Motion to Vacate Summary Judgment Order and Affirming and Supplementing Summary Judgment Order ("Supplemental Order").[2]

Appellant filed a Notice of Appeal on September 14, 2005, and the appeal was docketed on September 29, 2005. Trustee has responded. This matter is now ripe for determination by the Court.

## II. LEGAL STANDARDS

On appeal from the Bankruptcy Court, the District Court applies one of two standards of review. As to findings of fact, the district court must apply the clearly erroneous standard of review. *See Travelers Ins. Co. v. Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir. 1992). As to conclusions of law, a court applies the de novo standard of review. *See Perlow v. Perlow*, 128 B.R. 412, 414 (E.D.N.C. 1991). If the appellate court considers a ruling over which the Bankruptcy Court exercised its discretion under the Bankruptcy Code, that finding is reviewed

---

[2] During the hearing, the Bankruptcy Court heard testimony and received evidence supporting the motion for summary judgment. In doing so, the Bankruptcy Court essentially granted Appellant's Motion to Vacate, Rehear and Amend Order on Motion for Summary Judgment. "So the Court has, in essence, denied the motion to rehear but, in fact, it did hear the evidence that supports the motion for summary judgment and reaffirms it." (Transcript of Proceedings, July 15, 2005, at 30.) The Bankruptcy Court then issued a supplemental order reaffirming the original summary judgment order. This Court has taken the view that Appellant's appeal is only to the Motion for Summary Judgment and not the denial of the Motion to Vacate, Rehear, and Amend Order on Motion for Summary judgment.

under an abuse of discretion standard. *In re Suthers*, 173 B.R. 570, 572 (W.D. Va. 1994); *In re Jackson*, 190 B.R. 808, 810 (W.D. Va. 1995).

### III.  DISCUSSION

The Appellant argues that the foreclosure sale of her house was improper because the Consent Order was invalid and she should have be entitled to an automatic stay when the current Chapter 13 case was filed.  Additionally, Appellant argues that the foreclosure sale was not completed within the 180 day period allowed by the Consent Order.  The Court will address each of these issues in turn.

**A. Consent Order**

The Consent Order entered on December 9, 2003 provided relief for MERS and its successors in interest for protection if Appellant's bankruptcy petition was dismissed.   It is undisputed that Appellant consented to the Consent Order and was aware of the prospective relief granted to MERS and its successors in interest.  The Consent Order was unappealed and is now final.  Accordingly, Appellant is collaterally estopped from attacking the validity and enforceability of the Consent Order.  *See In re Edwards*, 222 B.R. 527, 528 (Bankr. E.D.Va. 1998) (debtor consented to an order granting prospective relief from stay, did not appeal, and the consent order was valid); *In re Abdul-Hasan*, 104 B.R. 263, 267 (Bankr. C.D. Cal. 1989) (debtor did not appeal the granting of prospective relief to creditor and was now collaterally estopped from doing so).

Even if collateral estoppel did not prevent Appellant from challenging the Consent Order, the Consent Order is well within the powers of the Bankruptcy Court.  The Consent Order provided prospective relief to the owners of the Property for a period of 180 days from dismissal

4

of the 2003 Bankruptcy Case. Bankruptcy courts are authorized under Title 11, United States Code, Section 105 of the Bankruptcy Code to provide prospective relief to creditors when multiple filings are made. *See In re Edwards*, 222 B.R. at 527 ("the use of prospective relief is becoming an increasingly frequent response by bankruptcy courts to the proliferation of serial bankruptcy filings"); *In re Plymounth*, 223 B.R. 910 (Bankr. E.D.Va. 1998) (relying on the court's equitable powers under 11 U.S.C. § 105, the court issued an order providing the creditor with prospective relief from any automatic stays if the debtor refiled another bankruptcy case); *Abdul-Hasan*, 104 B.R. at 263 ("prospective order does not interfere with the right of the debtor to file a bankruptcy, but does protect the creditor from multiple delays and removes the incentive of the debtor to act in an abusive manner"). Accordingly, the Consent Order was valid and Appellant was not entitled to an automatic stay.

**B. Timeliness of Sale**

Appellant's 2003 Bankruptcy Case was dismissed on January 15, 2004. The Consent Order provided relief for a period of 180 days from this dismissal, specifically, July 13, 2004. Appellant argues that the execution of a memorandum of sale is necessary to complete a foreclosure sale and Trustee did not execute a memorandum of sale by the July 13, 2004 deadline. Appellant is correct in stating that execution of a memorandum of sale is necessary to complete the foreclosure sale. *Abdelhaq v. Pflug*, 82 B.R. 807, 809-10 (E.D.Va. 1988); *In re Rolen*, 39 B.R. 260 (W.D.Va. 1983). However, during the bankruptcy hearing held on July 15, 2005, Richard Knee ("Knee"), Esquire, as supervising attorney of the foreclosure department of the Trustee's law firm, testified that the foreclosure sale was concluded at 12:06pm on July 13, 2004. (Hearing Transcript at 15.). Knee produced the memorandum of sale, bidding instruction

sheet, and a receipt for the credit bid. The Bankruptcy Court was satisfied that this evidence showed the sale was completed on July 13, 2004. "Factual findings of the bankruptcy court will not be set aside unless they are clearly erroneous, and 'due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.'" *In re Jolly*, 143 B.R. 383, 385 (E.D.Va. 1992) (citing Bankr.R. 8013). There was sufficient evidence to find that the foreclosure sale was completed on July 13, 2004. As such, this Court will not set aside the Bankruptcy Court's ruling as it was not clearly erroneous. Having found that the foreclosure sale of the Appellant's property occurred on July 13, 2004, the Court finds that the foreclosure sale occurred within the time frame provided by the Consent Order and no automatic stay attached to the Appellant's property.

## IV. CONCLUSION

The Court finds that Appellant is collaterally estopped from challenging the validity of the Consent Order. Additionally, the foreclosure sale of Appellant's property was conducted in accordance with the terms and time frame of the Consent Order. Accordingly, the Bankruptcy Court's decision is **AFFIRMED**.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to Appellant and Appellee.

**IT IS SO ORDERED.**

/s/
RAYMOND A. JACKSON
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 5, 2006